# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **vs.**                                  **Case No. 05-C-0376**
                                              **(02-Cr-170)**

GREGORY WHATLEY,

        **Movant.**

## DECISION AND ORDER

      Movant Gregory Whatley ("Whatley"), has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Whatley was convicted of three counts of bank fraud in violation 18 U.S.C. §§ 1344 and 2, after pleading guilty. On January 17, 2003, the Court imposed a total term of 71 months of incarceration to run concurrently, with such sentence to run consecutively to that imposed in Case No. 96-Cr-239 (E.D. Wis.). The Court further imposed a total term of five years of supervised released to be served after Whatley is released from prison. Whatley did not file a direct appeal from his conviction.

      Whatley now seeks collateral review, listing as grounds for relief : (1) violation of his Fifth and Fourteenth Amendment rights to due process of law, (2) whether he should be resentenced because the sentence was imposed in violation of his constitutional rights to due

process of law, (3) whether he should receive an evidentiary hearing on the issues presented. While listed as three grounds, all of Whatley's grounds rely on the Supreme Court's decision that the United States Sentencing Guidelines are unconstitutional.

Whatley invokes the Supreme Court's recent holding in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2004). *Booker,* 125 S.Ct. at 738, holds that a jury must find any fact that can increase a defendant's maximum sentence and to the extent the United States Sentencing Guidelines require otherwise they are unconstitutional as applied. As a result, the Supreme Court has declared that the Sentencing Guidelines are no longer mandatory. *Id.* Whatley asserts that the *Booker* decision should be applied retroactively and his sentence should be vacated. *See* Petitioner's Memorandum of Law in Support of Motion Pursuant to § 2255 at 14.

The Seventh Circuit has recently held that *Booker* is not retroactively applicable to criminal cases which became final long before January 12, 2005. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Thus, under controlling Seventh Circuit precedent, Whatley's claims are plainly without merit and are dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Cases for the United States District Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Whatley's motion pursuant to §2255 is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Cases for the United States District Courts; and,

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of April, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**