# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.                          Case No. 05-C-0376
                                           (02-Cr-170)

**GREGORY WHATLEY,**

        **Movant.**

## DECISION AND ORDER

Movant Gregory Whatley ("Whatley"), convicted of bank fraud in violation of 18 U.S.C. §§ 1344 and 2 after pleading guilty to three counts of the indictment, is serving a total term of 71 months of incarceration to run concurrently, with such sentence having run consecutively to that imposed in Case No. 96-Cr-239 (E.D. Wis.). After release from incarceration, Whatley will also be on supervised release for a total of five years. Whatley's sentence was imposed on January 17, 2003.

On April 4, 2005, Whatley filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Whatley listed as grounds for relief: (1) violation of his Fifth and Fourteenth Amendment rights to due process of law, (2) whether he should be resentenced because the sentence was imposed in violation of his constitutional rights

to due process, (3) whether he should receive an evidentiary hearing on the issues presented. While listing three grounds for relief under § 2255, all three purported grounds relied on the Supreme Court's decision that the United States Sentencing Guidelines are unconstitutional. *See United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2004).

On April 28, 2005, the Court issued a decision and order holding that Whatley's claims are plainly without merit and dismissing them pursuant to Rule 4 of the Rules Governing Section 2255 Cases for the United States District Court, relying on the court of appeals' decision that *Booker* is not retroactively applicable to criminal cases which became final long before January 12, 2005, *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Judgment was entered on April 29, 2005, dismissing this action.

Whatley filed a notice of appeal on June 16, 2005, and has requested a certificate of appealability and submitted a supporting memorandum. Rule 22 of the Federal Rules of Appellate Procedure requires that this Court issue a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) or state why a certificate should not issue. Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2253(c)(1) to provide that an appeal may not be taken to the court of appeals unless a certificate of appealability is issued. The ADEPA further provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1).

As noted in *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002), "a certificate of appealability may issue [by a district or circuit judge] . . . only if the applicant has

made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing," (quoting 28 U.S.C. § 2253[c] and citing *Williams v. Parke*, 133 F.3d 971, 975 [7th Cir. 1997]). *See also, Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that under AEDPA, a substantial showing of a denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id*. (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 [1983]); *See also, Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Whatley's motion is premised on the Supreme Court's decision the Supreme Court's decision in *Blakely*, 124 S.Ct. 2531 and *Booker*, 125 S.Ct. at 738, and neither decision affords him a basis for relief because they are not retroactively applicable. Based on the legal authorities cited in its April 28, 2005, decision and order, this Court concludes that reasonable jurists would not find this Court's rulings debatable. Therefore, the Court will not issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Whatley's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of June, 2005.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**